IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIA RAYMOND,

    Plaintiff,

v.

SCHNEIDER ELECTRIC USA, INC.

    Defendant.

_____/

Case No.

JURY DEMAND

## COMPLAINT

After working for Schneider Electric USA, Inc. ("Schneider Electric") for over ten years years, Plaintiff, Julia Raymond ("Ms. Raymond"), was terminated from her career in retaliation for taking maternity leave. After taking maternity leave, on July 19, 2016, Ms. Raymond requested to return from leave on a part-time basis for two weeks to transition back to full-time work, as had been previously arranged. She was told that there had been lay-offs during her leave (although none were under her supervisor), that her maternity leave was a "hot topic," and that she needed to return on a full-time basis, irrespective of the fact that she had available leave to use. Ms. Raymond returned to work on September 1, 2016, after using 15 weeks of leave. Hours after her return, she was terminated. Accordingly, Ms. Raymond files the instant Complaint for violations of the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, Tennessee Human Rights Act, and the Tennessee Maternity Leave Act.

## PARTIES

1.    Plaintiff, Julia Raymond, ("Ms. Raymond") is a citizen and resident of Davidson County, Tennessee, and a former employee of Defendant. Plaintiff worked for Defendant at its

1

location in Nashville, TN.

2. Defendant SCHNEIDER ELECTRIC USA, Inc., ("Schneider") is a Delaware corporation licensed to transact business in Tennessee. Its registered agent for service of process is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312. At all material times, Defendant has been an employer as defined by the FMLA and under state law.

3. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2015 and/or 2016 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

4. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

5. At all times material to this action, Defendant was an employer within the meaning of Title VII, FMLA and state law.

## JURISDICTION AND VENUE

6. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") (Count II); the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. (Count III); and the Tennessee Maternity Leave Act ("TMLA"), T.C.A. §4-21-408, *et seq*. (Count IV).

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

8. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination was filed with the Equal

2

Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

**FACTS**

9. Ms. Raymond was employed with Schneider Electric for over ten years, during which time she held various positions, the latest as a Pricing Analyst/Price Manager in Nashville, Tennessee.

10. Ms. Raymond reported to Karen Weber, Pricing Leader for South/East territories.

11. Ms. Raymond performed her job duties without incident and was never given a write up for performance or place on a Performance Improvement Plan.

12. In November 2015, six months before her maternity leave, Ms. Raymond gave notice to Defendant of her pregnancy and intent to take leave in May 2016. Ms. Raymond indicated that she was interested in taking 3 months of full time leave and two weeks of part-time leave.

13. After Ms. Raymond gave her notice of intent to take leave, her supervisor, Ms. Weber, told Ms. Raymond on several occasions that she had only taken 6 weeks of maternity leave herself.

14. In response to her request for 3 months of full time leave and two weeks of part-time leave Defendant told Ms. Raymond that she was only eligible for 12 weeks under the Family and Medical Leave Act (FMLA).

15. Ms. Raymond then informed her supervisor and HR partner that she qualified for leave up to 16 weeks pursuant to the Tennessee Maternity Leave Act (T.C.A. § 4-21-408). After Ms. Raymond asserted her rights under the Tennessee Maternity Leave Act her request for more

3

than 12 weeks of leave was granted.

16. Ms. Raymond's first day of leave was May 17, 2016.

17. During the course of Ms. Raymond's leave, Schneider laid off some employees company-wide, although no one on the team led by Karen Weber was laid off.

18. On information and belief, several employees who were laid off were allowed to search, and ultimately find, other positions within the Company.

19. On July 19, 2016, Ms. Raymond called Ms. Weber to discuss her return dates and stated she wanted to return part-time, as previously arranged, from August 17 – 31, and return to full-time employment on September 1, 2016. For her previous maternity leave, under a different manager, Ms. Raymond was allowed to return part-time. This time, her request was denied.

20. On August 1, 2016, Ms. Raymond sent Ms. Weber an email to confirm the return-to-work schedule they had discussed in July. Ms. Weber replied that working part time has become a "hot topic," that she "received some pushback especially with the coverage challenges we have faced due to changes in the team," and told Ms. Raymond that she could only return on a full-time basis. Ms. Raymond responded that she would return full time on September 1, 2016.

21. Ms. Raymond returned to work on September 1, 2016, and worked approximately one and a half hours before she was terminated.

22. Ms. Raymond was told that she was terminated due to a permanent elimination of her position. However, during her maternity leave, Schneider posted job openings for her position.

23. On information and belief, there was at least one new hire on Ms. Weber's team and at least two additional new hires in the pricing department during Ms. Raymond's maternity leave.

24. On information and belief, Defendant posted several jobs that fit Ms. Raymond's

4

job qualifications during and immediately after her leave, however, Ms. Raymond was not informed of those positions nor allowed to apply for them, unlike other non-pregnant/non-leave taking employees.

**Count I**
**Violation of FMLA**

25. Plaintiff restates and incorporates herein the foregoing paragraphs.

26. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

27. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

28. Plaintiff was entitled to receive FMLA leave to care for the birth of a child.

29. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested FMLA, including but not limited to, interfering with her rights to take FMLA on an intermittent basis; retaliating against her for exercising her rights under the FMLA; and terminating her when she returned from leave.

30. Plaintiff was entitled to receive FMLA.

31. Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

32. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

33. Defendant's conduct harmed and caused damage to Plaintiff.

34. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## Count II
## Violation of Title VII- Sex Discrimination/Retaliation

35. Plaintiff restates and incorporates herein the foregoing paragraphs.

36. Title VII defines "because of sex" or "on the basis of sex" as follows:

The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2 (h) of this title shall be interpreted to permit otherwise.

42 U.S.C. § 2000e(k).

37. Plaintiff was subjected to disparate treatment in the terms and conditions of her job in the Defendant's workplace because of her sex, female.

38. Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males were not subject to.

39. Plaintiff was qualified for her position.

40. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex, including, but not limited to different terms and conditions of employment, retaliation for taking maternity leave, and eventually the loss of her job than similarly situated non-pregnant employees.

41. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

6

## Count III
## Violation of THRA- Sex Discrimination/Retaliation

42. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

43. Plaintiff was subjected to disparate treatment in the terms and conditions of her job the Defendant's workplace because of her sex, female.

44. Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males were not subject to.

45. Plaintiff was qualified for her position.

46. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex, including, but not limited to different terms and conditions, loss of pay and benefits and eventually the loss of her job than similarly situated non-pregnant employees.

47. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

48. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## Count IV
## Violation of Tennessee Maternity Leave Act

49. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

50. Plaintiff was employed for at least 12 months prior to her leave as a full-time employee of Defendant.

51. Defendant employees a minimum of 100 employees.

52. Plaintiff gave at least three (3) months' advance notice of her leave to Defendant.

53. Initially, Plaintiff was denied leave pursuant to the TMLA, but then was allowed to take TMLA leave.

54. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested TMLA, including but not limited to, interfering with her rights to take TMLA; retaliating against her for exercising her rights under the TMLA; and terminating her when she returned from leave.

55. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

56. Defendant's conduct harmed and caused damage to Plaintiff.

57. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Judgment in favor of Plaintiff and against Defendant on all counts in this action;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Liquidated damages under the FMLA;

8. Attorneys' fees and expenses;

9. Prejudgment interest and, if applicable, post-judgment interest; and

10. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

*/s Anne Hunter*

Anne Hunter BPR # 022407
Heather Moore Collins BPR # 026099
Paige M. Lyle BPR # 032959
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*